3000186631

July 7, 2025

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

FILED-USDC-NDTX-DA
'25 JUL 7 PM2:47

km

Cassandra Crawford,
  Plaintiff,

v.

City of Dallas and Isiah T. Payne,
  Defendants.

3-25CV1758-S

Civil Action No. _____

JURY TRIAL DEMANDED

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DECLARATORY AND INJUNCTIVE RELIEF

I. INTRODUCTION

This is an action for emergency injunctive relief and civil rights violations under 42 U.S.C. § 1983. Plaintiff Cassandra Crawford brings this case as a last resort to stop the unlawful and unconstitutional interference with her homestead property by the City of Dallas and its privately coordinated agents acting under color of law. After state courts failed to intervene and the appellate court delayed without action, Plaintiff now turns to this Court seeking immediate protection of her property and constitutional rights.

Plaintiff inherited her fully paid-off home from her father in 2014. The property has been her lawful homestead for nearly a decade. Despite this, the City of Dallas and private individuals—including Isiah T. Payne—have coordinated to seize control of her home without lawful process, using receivership enforcement, posed foreclosure tactics, and unconstitutional means.

II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the United States Constitution and federal civil rights laws.
2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Dallas County, Texas.

III. PARTIES

5. Defendant Isiah T. Payne is a named co-defendant in the City's civil case and has actively colluded with city agents to deprive Plaintiff of her homestead through fraudulent filings

and a staged foreclosure. He is currently the subject of a quiet title lawsuit filed by Plaintiff in Dallas County. Service may be made at: 316 Bodine Street, Mesquite, Texas 75149.

IV. FACTUAL BACKGROUND

Plaintiff filed a motion to remove the receiver and to validate her Certificate of Occupancy on April 20, 2025. However, the Court denied relief on May 16, 2025. At that same time, the Court approved a $298,000 receiver budget without requiring proof of funding, permits, a posted bond, a defined scope of work, or identification of any contractors. This budget approval occurred despite Plaintiff's pending objection and without a hearing on the merits.

Proof of the receiver's bond was not supplied until June 25, 2025, and only after several requests. Throughout this process, Plaintiff has been consistently reminded that the receiver has no obligation to report any of their activities to her.

On February 7, 2025, Plaintiff appeared in court for a contempt of court hearing related to an injunction that had already been resolved as of April 2024. Despite the prior resolution, enforcement proceedings were reignited, and a receiver was not formally appointed until March 6, 2025. The receiver's actions began only after that date, yet enforcement was carried out retroactively—applying compliance obligations to prior conduct, without notice or due process.

Although the judge initially declined to sign the receivership order on February 7, 2025—citing lack of fair notice and procedural safeguards—the Court later permitted the receiver to begin acting without ever affording Plaintiff a meaningful opportunity to object. When Plaintiff did submit a written objection shortly thereafter, it was denied without explanation, findings of fact, or conclusions of law. Several other requests for emergency relief submitted by Plaintiff were also denied without justification.

Plaintiff further notes that Isiah T. Payne, who was originally named as a co-defendant alongside Plaintiff in the City of Dallas enforcement action, appears to have realigned himself with the City or its legal agents. Despite being named in the same enforcement proceeding, Payne is no longer listed as an active target of City enforcement—raising concerns of selective prosecution, collusion, or improper favoritism. More importantly, Payne is also the subject of a separate pending quiet title lawsuit filed by Plaintiff in Dallas County District Court, in which he stands accused of embezzlement, fraudulent lien filings, and interference with property title rights. Although Payne is not named as a defendant in this federal civil rights complaint, his conduct is directly relevant to the broader pattern of collusion and unlawful actions affecting Plaintiff's homestead. This shift may be due to the fact that Plaintiff is the only individual currently listed on the legal title to the property, making her the sole target of the City's enforcement efforts, despite shared involvement in the underlying conduct. This selective enforcement further highlights the inequity and irregularity of the City's approach.

To add insult to injury, Plaintiff's quiet title lawsuit—originally filed in the 68th District Court—was administratively transferred to Judge Dale Tillery over Plaintiff's objections and

despite a formal request that the case be reassigned to a neutral judge. A timely motion to disqualify or recuse Judge Tillery was filed out of genuine concern for fairness and judicial neutrality, citing prior instances of demonstrated bias in an earlier related case. However, that motion went unanswered. Judge Tillery subsequently signed an order refusing to recuse himself. Plaintiff maintains that her request was made in good faith to preserve the integrity of the proceedings and ensure impartial adjudication of the matter.

V. CAUSES OF ACTION

Count I – Fourth Amendment Violation (Unlawful Entry and Seizure)
Plaintiff alleges that Defendants, acting under color of law, unlawfully entered and seized possession of her homestead without a warrant, court hearing, or legal eviction process. The receivership was appointed without proper notice, and the lockouts and removals violated Plaintiff's constitutional protections against unreasonable search and seizure.

Count II – Fourteenth Amendment Violation (Denial of Due Process)
Plaintiff alleges that the City of Dallas and affiliated parties acted to deprive her of property and liberty interests without affording a meaningful opportunity to be heard. The appointment of a receiver occurred after a contempt hearing—without any prior motion, notice, or hearing regarding receivership. Plaintiff was not allowed to contest the appointment or enforce her rights through the appellate court.

Count III – Fifth Amendment Violation (Unconstitutional Taking)
Plaintiff's homestead property has been interfered with and effectively seized under the guise of code enforcement and receivership actions. At no point has Plaintiff been compensated or lawfully divested of title. All actions were undertaken during an active appeal and without court authority to sell or transfer ownership, amounting to an unconstitutional taking.

Count IV – 42 U.S.C. § 1983 (Color of Law Violations)
Plaintiff asserts that all enforcement actions described herein were carried out under color of state law and in violation of federally protected rights. These actions include lock changes, forced displacement of tenants, utilities shutoffs, intimidation, and false representations of authority.

Count V – Fraud, Collusion, and Abuse of Process
Defendant Isiah T. Payne, in coordination with the City Attorney's office, falsely presented himself or was listed as a trustee in a staged foreclosure involving Plaintiff's paid-off homestead property. This was done without a valid lien, foreclosure order, acceleration notice, or court oversight. The receivership was invoked secretly and enforced as if Plaintiff had defaulted—though no such default exists.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
a. Enter judgment against all Defendants for constitutional and civil rights violations;

b. Grant a temporary restraining order or preliminary injunction halting any enforcement action, lockouts, entry, sale, or interference until a hearing is held;

c. Declare all enforcement actions taken to date without notice, permits, or lawful foreclosure process as void and unlawful;

d. Award damages and attorneys' fees as the Court deems just and proper;

e. Grant such other and further relief as the Court deems equitable.

Respectfully submitted,

*Cassandra Crawford*

Cassandra Crawford

Plaintiff, Pro Se

3528 Colonial Avenue

Dallas, Texas 75215

Email: highlyfavrd63@gmail.com

Phone: **(469) 355-5392**

## DECLARATION REGARDING CITY EMAIL CONFIRMING UNLAWFUL SEIZURE DURING PENDING APPEAL

I, Cassandra Crawford, declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in this matter and the legal homeowner of 3528 Colonial Avenue, Dallas, TX 75215.
2. On or about July 7, 2025, I received a copy of an internal City of Dallas email sent by Emily Worland, City Attorney, addressed to Commissioner Price and Council Member Bazaldua.
3. This email was not served on me, filed with the court, or disclosed in any official capacity. It was discovered after the fact, and its contents confirm that actions were taken against my property without my notice, knowledge, or participation.
4. In that message, the City of Dallas confirms that:
    - Judge Dale Tillery instructed the City to provide updates directly to public officials regarding my private homestead and court proceedings;
    - The Court granted the Receiver's request to compel access to my property and to relocate 6–8 tenants, providing each with $4,200.00 in relocation expenses;
    - The court-approved enforcement plan occurred despite my absence, and I was never notified, heard, or present at the time those actions were executed;
    - City officials described the property as a "nonconforming lodging/boarding house" and failed to acknowledge my long-standing Certificate(s) of Occupancy, which remain legally active and never revoked by any proper authority.
5. These actions were taken while this matter was under active appeal in the Fifth Court of Appeals (Cause No. 05-25-00655-CV). Despite my having filed emergency motions and notices, the Receiver and the City proceeded to seize control of my homestead, lock me out, and remove tenants—all without lawful notice, bond disclosure, hearing, or opportunity to object.
6. The email serves as a written admission of post-judgment and mid-appeal enforcement—demonstrating that the Receiver's actions were coordinated privately between the Court and the City, and executed without compliance with constitutional due process.
7. Furthermore, despite numerous emergency filings and motions, the appellate court remains inactive and has now expressed uncertainty about its own jurisdiction—after issuing multiple denials of my requests for relief. The City and Receiver exploited this ambiguity to enforce permanent actions during a pending appeal without appellate oversight. Despite the case having been on appeal for over six weeks, the appellate court has yet to take meaningful action. Meanwhile, the trial court judge has continued issuing orders and authorizing enforcement—including property seizure and tenant relocation—during a period in which jurisdiction is actively under question. This judicial conflict has left me with no protection and no meaningful opportunity to be heard.
8. I submit this Declaration to support my request for immediate federal intervention, to suspend enforcement activity, and to confirm that my allegations in this complaint are now supported by written proof directly from the City of Dallas.

Executed on this 7th day of July, 2025.

*Cassandra Crawford* (signature)
Cassandra Crawford

## EXHIBIT A – City of Dallas Email from Emily Worland

The following images are true and accurate screenshots of the email received by Plaintiff on July 7, 2025, confirming enforcement actions taken without notice or participation during an active appeal.

room lodging/boarding house without a current certificate of occupancy and code violations.

The City filed a lawsuit (DC-23-08770) against the property's owners, Cassandra Bryant Crawford and Isiah T. Payne, in June 2023, which resulted in the parties entering into an agreed permanent injunction in April 2024. The property owners failed to obtain a current certificate of occupancy and abate all of the code violations by the required October 2024 timeline. As such, after two evidentiary hearings, in March 2025 the Court appointed a receiver to take control of the property to bring it into compliance with Dallas City Codes and obtain a current certificate of occupancy.

Since April 2025, the Receiver (Perry Kilgo of the Texas Receivership Group,

12:32

# 3528 Colonial Ave. Dallas, TX 75215 re. Update on Court Proceedings (including potential tenant relocation) Inbox

**Worland, E...**  Jun 16
to district3@dallas...

Good Morning, Commissioner Price and Council Member Bazaldua:

The Honorable Judge Dale Tillery asked that the City of Dallas keep you both updated on the court proceedings related to a property in your districts at 3528 Colonial Avenue, Dallas, Texas 75215.

The property is a nonconforming 16-room lodging/boarding house without a

Reply    Reply all    Forward

LLC) has been unable to gain consistent access to the property to make the repairs necessary to abate the code violations and obtain the certificate of occupancy. Today, the Court granted the Receiver's request to compel the property owners to allow him access to the property to carry out the Court's order to repair the property. This order also permits the Receiver to relocate the 6-8 tenants in the property, giving them $4,200.00 each to cover related relocation expenses. This amount is roughly 4-months' rent, which is the anticipated repair timeline, absent unforeseen delays.

The Receiver will continue to update the Court monthly on his work and progress, and I will continue to update your offices as the case proceeds and the property is repaired.